# United States Tax Court

T.C. Summary Opinion 2023-33

SEAN PATRICK CANAVAN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 3621-22S.                    Filed November 30, 2023.

————

Sean Patrick Canavan, pro se.

*Alexandra G. Corradi*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated November 8, 2021, respondent determined a deficiency in petitioner's federal income tax of $2,929 for taxable year 2019 (year in issue).

The sole issue for decision is whether payments of $14,714 made by the Social Security Administration (SSA) to petitioner during the year in issue are includible in his taxable income.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

2

*Background*

Some facts have been stipulated and are so found. The First Stipulation of Facts and the attached Exhibits are incorporated by this reference. The record consists of the Stipulation of Facts and attached Exhibits and the testimony of Sean Patrick Canavan. Petitioner resided in New York when the Petition was timely filed.

During the year in issue petitioner received seven monthly benefit payments of $2,102 from the SSA from June through December 2019, a total of $14,714. During the year in issue the SSA determined that petitioner was not entitled to Supplemental Security Income (SSI) payments. In a Form 1099–SSA, Social Security Benefit Statement, the SSA reported to the Internal Revenue Service that petitioner received $14,714 during the year in issue.

Petitioner filed his Form 1040, U.S. Individual Income Tax Return, for tax year 2019. He reported income from an annuity plan. Petitioner did not report any other income or any benefits from the SSA.

As a result, respondent issued a notice of deficiency determining changes to petitioner's 2019 tax return. Petitioner timely petitioned this Court.

*Discussion*

I.    *Burden of Proof*

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are erroneous. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In cases involving unreported income however the Commissioner must establish an evidentiary foundation connecting the taxpayer to the income-producing activity or demonstrate that the taxpayer actually received income. *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019). "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Id.* at 67–68. However, the IRS may not rely solely on a third-party report of income if the taxpayer raises a reasonable dispute concerning the accuracy of the report. *See* § 6201(d).

Respondent has met his burden and provided documentation from the SSA demonstrating that petitioner actually received the payments in dispute. Petitioner does not dispute that he received the payments shown on those reports, and he has not challenged the accuracy of the SSA reports.

II.    *Social Security Benefit*

Section 61(a) broadly defines gross income as "all income from whatever source derived." The extent to which Social Security benefits (including disability benefits) are includible in a taxpayer's income is determined pursuant to a formula that takes into account the amount of the taxpayer's Social Security benefits, the amount of the taxpayer's other income, and the taxpayer's filing status. *See* § 86. Social Security benefits are defined as any amount received by the taxpayer by reason of entitlement to a monthly benefit under the Social Security Act. § 86(d)(1)(A).

Petitioner contends that because of his disability, the payments he received from the SSA are a "survivor benefit" and therefore not taxable. At trial petitioner testified that he was disabled and that he had previously received payments from the SSA that were not included in his income. While respondent conceded that SSI payments would not be included in taxable income,[2] the record clearly demonstrates that the SSA did not designate the payments made to petitioner as SSI.

The record does not support petitioner's claim that the payments from the SSA were not includible in his taxable income.[3] As a result the Court cannot conclude that respondent's determination is arbitrary or erroneous. Accordingly, respondent's determination will be sustained.

---

[2] This Court has acknowledged the existence of the "general welfare doctrine" of income exclusion in that government disbursements, like SSI that promote the general welfare, are not taxable. *See Bannon v. Commissioner*, 99 T.C. 59, 62–63 (1992).

[3] At trial the Court expressed concern about petitioner's claimed disability and the taxable portion of the SSA payments. The Court left the record open to permit petitioner to provide evidence of disability and documentation of the SSA payments. Petitioner did not provide such evidence, and the record was closed. Subsequently, respondent informed the Court that petitioner had provided consent to obtain documentation from the SSA. As a result, the record was reopened and documentation from the SSA was entered into the record. As indicated, the documentation did not support petitioner's position.

We have considered all arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*